RAÚL R. LABRADOR
ATTORNEY GENERAL

MICHAEL A. ZARIAN, ISB #12418
Solicitor General

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
michael.zarian@ag.idaho.gov
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendants Labrador and*
*43 of the 44 County Prosecutors*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMILIE JACKSON-EDNEY, *et al*., <br><br>        *Plaintiffs*, <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al*., <br><br>        *Defendants*. | Case No. 1:26-cv-00261-AKB <br><br> **COUNTY PROSECUTOR DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DKT. 3]** |

The County Prosecutor Defendants[1] oppose Plaintiffs' motion for preliminary injunction because, in addition to the merits arguments contained in the contemporaneously filed opposition of Attorney General Raúl Labrador, Plaintiffs do not have standing to sue the county prosecutors.

## LEGAL STANDARD

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Supreme Court "cases have established that the irreducible constitutional minimum of standing consists of three elements." *Id*. (citation omitted) (cleaned up). To establish standing, a party "must show that [1] she has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

In pre-enforcement challenges, the Supreme Court set out an additional three-prong test to show that an Article III injury is likely. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161–64 (2014); *see also Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024). This test requires a plaintiff to show that: (1) he intends "to engage in a course of conduct arguably affected with a constitutional interest"; (2) the intended future conduct is "arguably proscribed by the challenged statute"; and (3) "the threat of future enforcement is substantial." *Peace Ranch*, 93 F.4th at 487 (cleaned up). The *Driehaus* test incorporates the considerations outlined in *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). *Peace Ranch*, 93 F.4th at 487. *Thomas* requires courts to consider "[1] whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, [2] whether the prosecuting authorities have communicated a specific

---

[1] The County Prosecutor Defendants are all county prosecutors named as Defendants in this case except Shondi Lott, Prosecuting Attorney of Elmore County.

warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." 220 F.3d at 1139.

Standing is determined by "the facts *as they exist when the complaint is filed*." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (emphasis in original) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989)); *Yamada v. Snipes*, 786 F.3d 1182, 1203–04 (9th Cir. 2015).

**ARGUMENT**

I.     **Plaintiffs have not shown injury in fact because they have not shown that the threat of future enforcement is substantial.**

"Article III standing in the pre-enforcement context arises when an individual is subject to a credible threat of government action." *Int'l Partners for Ethical Care Inc. v. Ferguson*, 146 F.4th 841, 853 (9th Cir. 2025) (citing *Driehaus*, 573 U.S. at 158). Plaintiffs lack standing to sue the County Prosecutor Defendants because Plaintiffs have neither alleged nor shown a substantial threat of imminent, future enforcement, and therefore they have failed to allege an injury-in-fact sufficient to demonstrate a justiciable case or controversy. "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas*, 220 F.3d at 1139. "[G]eneral threats by officials to enforce those laws which they are charged to administer do not create the necessary injury in fact." *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010). "[S]tanding is not dispensed in gross"; instead, Plaintiffs must demonstrate standing for each claim against each defendant. *Murthy*, 603 U.S. at 61 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). Plaintiffs are not allowed to treat government defendants collectively as a "monolith," but must show that each government defendant is engaging in conduct that the Plaintiffs are challenging. *Id.* at 69.

Plaintiffs here allege no facts showing any threatening action or statement of any county

prosecutor, instead pointing to the mere existence of H.B. 752 for all their alleged harm. But the mere existence of the statute is not enough for standing. *Thomas*, 220 F.3d at 1139 (quoting *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126–27 (9th Cir.1996)). Without any allegations of any action taken by any county prosecutor that made Plaintiffs feel threatened, Plaintiffs essentially ask the Court to assume that one of the 44 County Prosecutor Defendants will someday enforce this law specifically against them because county prosecutors enforce laws. This kind of generalized threat of prosecution is insufficient. *Lopez*, 630 F.3d at 787; *Thomas*, 220 F.3d at 1139. Pointing to the acts or statements of legislators is also insufficient because the government is not a monolith. *Murthy*, 603 U.S. at 69. Such acts or statements do not have any bearing on what a county prosecutor will do in a specific, concrete factual scenario—if one is ever presented.

Plaintiffs cannot sue first and obtain standing later by arguing that a County Prosecutor Defendant did not disavow H.B. 752 after the suit was filed.

First, Plaintiffs never alleged a failure to disavow in their Complaint, nor did they allege any legal duty of a County Prosecutor Defendant to disavow a statute. Second, standing is determined by "the facts as they exist when the complaint is filed," *Lujan*, 504 U.S. at 569 n.4, not after. Third, failure to disavow is not sufficient on its own to provide standing. The Ninth Circuit has held that failure to disavow "is an attitudinal factor the net effect of which would seem to impart some substance to the fears of [plaintiffs]," *Am.–Arab Anti–Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 508 (9th Cir. 1991), but the court "cannot go so far as to say that a plaintiff has standing whenever the Government refuses to rule out use of the challenged provision." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000) (cleaned up). Every panel until

*Matsumoto v. Labrador*, 122 F.4th 787 (9th Cir. 2024), followed this rule.[2] But a later panel decision, like *Matsumoto*, cannot abrogate an earlier one. *Hart v. Massanari*, 266 F.3d 1155, 1171–72 (9th Cir. 2001) (collecting authorities); *see also McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("a prior decision of the circuit (panel or en banc) cannot be overruled by a panel but only by the court sitting en banc") (cleaned up).

The County Prosecutors' failure to disavow enforcement of a criminal statute is not sufficient on its own to show an injury in fact.

## II.      Plaintiffs have not shown traceability or redressability.

County prosecutors are independent constitutional officers, provided for in Article V, section 18 of the Idaho Constitution. They are elected by voters in their respective counties. Their primary duties are to independently oversee prosecution of crimes committed within the boundaries of their respective counties and to provide legal services to county elected officials, officers, and departments. *See* Idaho Code § 31-2604. Plaintiffs have named all 44 of Idaho's county prosecutors as defendants. Yet Plaintiffs have not pled facts to show how any County

---

[2] *E.g., Peace Ranch*, 93 F.4th at 485–86, 490 (finding standing based on the fact that the challenged law specifically targeted the plaintiff and only the plaintiff, in addition to a failure to disavow); *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022) (finding standing based on Washington's confirmation and warning of enforcement coupled with plaintiff's self-censorship in the face of the law); *California Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021) (finding standing when California notified the regulated community that it intended to enforce the challenged law, began moving aggressively to enforce it, and commenced a number of prosecutions under the law); *LSO, Ltd.*, 205 F.3d at 1156 (finding standing based on a record of the government enforcing and threatening to enforce the challenged statute against specific clients of the plaintiff and conducting raids under the statute); *Bland v. Fessler*, 88 F.3d 729, 737 (9th Cir. 1996) (finding standing against defendant California Attorney General where he actually sponsored the bill that became the challenged law); *see also Driehaus*, 573 U.S. at 164–65 (finding standing based on a combination of a history of past enforcement, including against the plaintiff; the risk of complaints from political opponents; and the fact that the Commission initiates proceedings under the statute regularly, with failure to disavow being the last of the list of analyzed indicia of a threat).

Prosecutor Defendant has caused Plaintiffs' injuries, or how relief ordered against any of these Defendants would redress those injuries.

Under the well-established standing test, a plaintiff must demonstrate that there is a "causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560 (citation omitted) (cleaned up). And "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (citation omitted) (cleaned up). These two requirements are "flip sides of the same coin." *F.D.A. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) (citation omitted).

Individual Plaintiffs are residents of Ada County (Jackson-Edney, Fable, Milette, Wagner), Bannock County (Poe), and Twin Falls County (Doe). Dkt. 1 ¶¶ 10, 14, 18, 22, 27, 31. But they have not alleged facts suggesting that any act taken by the Ada, Bannock, or Twin Falls County prosecutors has made them feel threatened and will likely result in injury. To put it differently, there is no showing of traceability by Plaintiffs as to the county prosecutors where Individual Plaintiffs allege they reside, nor (as discussed above) is there any indication that there is a substantial threat of enforcement by these prosecutors and that any such enforcement of H.B. 752 is imminent.

Plaintiffs have even less connection to the prosecutors in counties where they do not reside. In an effort to sweep in the other prosecutors, one Plaintiff vaguely alleges that the Plaintiff "often travels for work or fun throughout Idaho." Dkt. 1 ¶ 94. An allegation that a person simply travels throughout Idaho does not show an injury that can be traced to the county prosecutors, much less demonstrate a substantial threat of imminent enforcement by county prosecutors with whom a person has no direct or even indirect contact. That single allegation is not enough to show standing

against the prosecutors in other Idaho counties. *See Seyb v. Members of Idaho Bd. of Medicine*, No. 1:24-CV-00244-BLW, 2025 WL 963957, at *1 (D. Idaho Mar. 31, 2025) (plaintiff-doctor who practiced only in Ada County lacked standing to sue the other 43 county prosecutors).

Plaintiffs also face a redressability problem. An injunction against a prosecutor in, for example, Boundary County will not redress an injury that is alleged in southern Idaho. In the absence of traceability and redressability, the Court should deny the motion for preliminary injunction for lack of standing.

### CONCLUSION

In addition to the arguments against Plaintiffs' motion advanced by the Attorney General, the motion should be denied because Plaintiffs lack standing to sue the County Prosecutor Defendants.

DATED: May 21, 2026

> STATE OF IDAHO
> OFFICE OF THE ATTORNEY GENERAL
>
> /s/ *David J. Myers*
> DAVID J. MYERS
> Deputy Attorney General
>
> *Attorney for Defendants Labrador and*
> *43 of the 44 County Prosecutors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on May 21, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| ACLU OF IDAHO FOUNDATION<br>P.O. Box 1897<br>Boise, ID 83701<br>(208) 344-9750<br><br>Emily Croston<br>ecroston@acluidaho.org<br><br>Paul Southwick<br>psouthwick@acluidaho.org<br><br>*Attorneys for Plaintiffs* | ALTURAS LAW GROUP, PLLC<br>111 N 1st Avenue, Suite 2I, PO Box 2975<br>Hailey, ID 83333<br>(208) 788-6688<br><br>Samuel L. Linnet<br>sam@alturaslawgroup.com<br><br>*Attorney for Plaintiffs* |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street N.W.<br>Washington, DC 20005<br><br>Barbara Schwabauer<br>bschwabauer@aclu.org<br><br>Eleanor Matheson<br>ematheson@aclu.org<br><br>*Attorneys for Plaintiffs* | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>800 South Figueroa St., Suite 1260<br>Los Angeles, CA 90017<br><br>Peter C. Renn<br>prenn@lambdalegal.org<br>Kell L. Olson<br>kolson@lambdalegal.org<br>Tara L. Borelli<br>tborelli@lambdalegal.org<br>Pelecanos<br>pelecanos@lambdalegal.org<br>A.D. Sean Lewis<br>alewis@lambdalegal.org<br>Charlie Ferguson<br>cferguson@lambdalegal.org<br><br>*Attorneys for Plaintiffs* |

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500<br><br>Chase Strangio<br>cstrangio@aclu.org<br><br>*Attorney for Plaintiffs*<br><br>MUNGER TOLLES & OLSON LLP<br>350 South Grand Ave., 50th Fl.<br>Los Angeles, CA 90071-3426<br><br>Katherine M. Forster<br>katherine.forster@mto.com<br>Kyle A. Groves<br>kyle.groves@mto.com<br>Jannet Gomez<br>jannet.gomez@mto.com<br><br>*Attorneys for Plaintiffs* | MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Fl.<br>San Francisco, CA 94105-2907<br><br>J. Max Rosen<br>max.rosen@mto.com<br>Qian Zhe (Danny) Zhang<br>danny.zhang@mto.com<br><br>*Attorneys for Plaintiffs* |

/s/ *David J. Myers*
DAVID J. MYERS