RAÚL R. LABRADOR
ATTORNEY GENERAL

MICHAEL A. ZARIAN, ISB #12418
Solicitor General

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
michael.zarian@ag.idaho.gov
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendants Labrador and
43 of the 44 County Prosecutors*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| EMILIE JACKSON-EDNEY, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al.*,<br><br>　　　　　　　　*Defendants.* | Case No. 1:26-cv-00261-AKB<br><br>**RESPONSE TO MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM [DKT. 5]** |

Plaintiffs have initiated this case on allegations that H.B. 752 violates the Due Process Clause (vagueness and informational privacy) and the Equal Protection Clause of the Fourteenth Amendment. Dkt. 1 ¶¶ 145, 152, 164. Defendants need to test the truth of the Plaintiffs' allegations, including whether Plaintiffs "have used restrooms in public that align with their gender identity, including in government-owned buildings and places of public accommodation, for years without issue," *id.* ¶ 2, whether "strangers understand [Doe and Poe] as a man," Dkt. 3-5 ¶ 4, Dkt. 3-8 ¶ 4, whether they have "obtained legal name and gender markers," Dkt. 3-5 ¶ 6, Dkt. 3-8 ¶ 6, their receipt of hormones or other cross-sex treatments, Dkt. 3-5 ¶ 7, Dkt. 3-8 ¶ 7, their business and social access to restrooms, Dkt. 3-5 ¶¶ 9-10, Dkt. 3-8 ¶¶ 9-11, and so on. As such, Plaintiffs Doe and Poe will have to tell the Court and Defendants who they are and disclose information about themselves to allow Defendants to test their assertions in support of their claims.

Plaintiffs Doe and Poe ask the Court to permit them to proceed under pseudonym, but it appears that they will disclose identifying information to this Court and to Defendants "[i]f it becomes necessary at a later stage of the litigation." Dkt. 5-1 at 14. This Court has the discretion in an exceptional case to permit a plaintiff to proceed pseudonymously for at least some portion of the case. *E.g., Doe v. Univ. of Idaho,* No. 1 :23- cv-00409-AKB, 2024 WL 4308327 (D. Idaho Sept. 26, 2024) (citing relevant Ninth Circuit case law); *Doe v. Coll. of E. Idaho,* No. 4:22-cv-00482-DCN, 2023 WL 4138674, at *3 (D. Idaho June 22, 2023) (same). Given the Ninth Circuit's lenient approach to pseudonyms, Defendants would consider a request for Plaintiffs Doe and Poe to proceed under pseudonym at the preliminary injunction stage, with no disclosure of identity to Defendants and the Court *only at this stage.*[1] *See Does I thru XXIII v. Advanced Textile Corp.,* 214

---

[1] Defendants will defer to the Court's weighing of whether the public's right to open court proceedings should be set aside in favor of Plaintiffs Doe and Poe's request to proceed under pseudonym, for purposes of whether the caption, pleadings, and all future public filings should

F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.,* 596 F.3d 1036, 1042 (9th Cir. 2010). However, the other four Plaintiffs' willingness to proceed under their own names undercuts Plaintiffs Doe and Poe's "fear that they will be subject to criminal consequences, harassment, embarrassment, or other retaliatory actions by the government and private actors if their identities are revealed." Dkt. 5-1 at 7.

But Defendants respectfully oppose Plaintiffs Doe and Poe's request to proceed under pseudonym to the extent they seek to exclude Defendants and the Court from learning their identity beyond the preliminary injunction stage of this case. Defendants do not know who Plaintiffs Doe and Poe are. Defendants must be allowed to test their assertions in the Complaint. This includes whether they have used restrooms in public that align with their gender identity, including in government-owned buildings and places of public accommodation, for years without issue (and what that means). Without being provided identifying information about Plaintiffs Doe and Poe, Defendants are unable to confirm their standing, and the merits of the claim and are therefore prejudiced. *See Coll. of E. Idaho,* 2023 WL 4138674, at *2-3 (considering prejudice); *see also Univ. of Idaho,* 2024 WL 4308327, at *3.

In sum, whether Plaintiffs Doe and Poe should be able to proceed under pseudonym for purposes of the public docket and all public filings in this matter, and at what stages of the litigation, if any, they may do so, Defendants defer to the Court. *See supra* n.1. But to the extent Plaintiffs Doe and Poe seek to hide their identity from the Court and from Defendants beyond the

---

identify them only by their pseudonyms. *See Advanced Textile Corp.*, 214 F.3d at 1068 (noting that the public's interest must be weighed against the request to proceed anonymously). But as one federal district court has noted, "our courts belong to the people, and the public and press have a right to look over our shoulders to see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others." *Doe v. NFL Enters., LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017).

preliminary injunction stage of the case, Defendants strongly object. Defendants are entitled to test Plaintiffs Doe and Poe's assertions in the Complaint, and Defendants must know the identity of Plaintiffs Doe and Poe to be able to do so.

DATED: May 21, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ *David J. Myers*
DAVID J. MYERS
Deputy Attorney General

*Attorney for Defendants Labrador and
43 of the 44 County Prosecutors*

RESPONSE TO MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM [DKT. 5]—3

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY THAT on May 21, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| ACLU OF IDAHO FOUNDATION<br>P.O. Box 1897<br>Boise, ID 83701<br>(208) 344-9750<br><br>Emily Croston<br>ecroston@acluidaho.org<br><br>Paul Southwick<br>psouthwick@acluidaho.org<br><br>*Attorneys for Plaintiffs* | ALTURAS LAW GROUP, PLLC<br>111 N 1st Avenue, Suite 2I, PO Box 2975<br>Hailey, ID 83333<br>(208) 788-6688<br><br>Samuel L. Linnet<br>sam@alturaslawgroup.com<br><br>*Attorney for Plaintiffs* |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street N.W.<br>Washington, DC 20005<br><br>Barbara Schwabauer<br>bschwabauer@aclu.org<br><br>Eleanor Matheson<br>ematheson@aclu.org<br><br>*Attorneys for Plaintiffs* | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>800 South Figueroa St., Suite 1260<br>Los Angeles, CA 90017<br><br>Peter C. Renn<br>prenn@lambdalegal.org<br>Kell L. Olson<br>kolson@lambdalegal.org<br>Tara L. Borelli<br>tborelli@lambdalegal.org<br>Pelecanos<br>pelecanos@lambdalegal.org<br>A.D. Sean Lewis<br>alewis@lambdalegal.org<br>Charlie Ferguson<br>cferguson@lambdalegal.org<br><br>*Attorneys for Plaintiffs* |

RESPONSE TO MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM [DKT. 5]—4

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500<br>Chase Strangio<br>cstrangio@aclu.org<br><br>*Attorney for Plaintiffs*<br><br>MUNGER TOLLES & OLSON LLP<br>350 South Grand Ave., 50th Fl.<br>Los Angeles, CA 90071-3426<br><br>Katherine M. Forster<br>katherine.forster@mto.com<br>Kyle A. Groves<br>kyle.groves@mto.com<br>Jannet Gomez<br>jannet.gomez@mto.com<br><br>*Attorneys for Plaintiffs* | MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Fl.<br>San Francisco, CA 94105-2907<br>J. Max Rosen<br>max.rosen@mto.com<br>Qian Zhe (Danny) Zhang<br>danny.zhang@mto.com<br><br>*Attorneys for Plaintiffs* |

/s/ *David J. Myers*  
DAVID J. MYERS