Emily Croston (ISB No. 12389)
ecroston@acluidaho.org
Paul Southwick (ISB No. 12439)
psouthwick@acluidaho.org
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
(208) 344-9750

Barbara Schwabauer*
bschwabauer@aclu.org
Eleanor Matheson*
ematheson@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street N.W.
Washington, DC 20005

Chase Strangio*
cstrangio@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Samuel L. Linnet (ISB No. 9788)
sam@alturaslawgroup.com
ALTURAS LAW GROUP, PLLC
111 N 1st Avenue, Suite 2I, PO Box 2975
Hailey, ID 83333
(208) 788-6688

Peter C. Renn*
prenn@lambdalegal.org
Kell L. Olson*†
kolson@lambdalegal.org
Tara L. Borelli*†
tborelli@lambdalegal.org
Pelecanos*†
pelecanos@lambdalegal.org
A.D. Sean Lewis*
alewis@lambdalegal.org
Charlie Ferguson*†
cferguson@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
†mailing address only
(213) 382-7600 (T) | (855) 535-2236 (F)

*Admitted pro hac vice
Attorneys for Plaintiffs (additional counsel identified on the following page)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| EMILIE JACKSON-EDNEY, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al.*,<br><br>    *Defendants*. | Case No. 1:26-cv-00261-AKB<br><br>**REPLY TO COUNTY PROSECUTOR DEFENDANTS [DKT. 39] IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION [DKT. 3]** |

Katherine M. Forster*
katherine.forster@mto.com
Kyle A. Groves*
kyle.groves@mto.com
Jannet Gomez*
jannet.gomez@mto.com
Munger Tolles & Olson LLP
350 South Grand Ave., 50th Fl.
Los Angeles, CA 90071-3426
(213) 683-9100 (T) | (213) 687-3702 (F)

J. Max Rosen*
max.rosen@mto.com
Qian Zhe (Danny) Zhang*
danny.zhang@mto.com
Munger Tolles & Olson LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105-2907
(415) 512-4000 (T) | (415) 512-4077 (F)

*Admitted *pro hac vice*
*Attorneys for Plaintiffs*

Plaintiffs easily demonstrate standing to bring this challenge, including a threat of future enforcement, traceability, and redressability. The County Prosecutor Defendants[1] oppose Plaintiffs' Motion for Preliminary Injunction by raising standing arguments "in addition to the merits arguments contained in the contemporaneously filed opposition of Attorney General Raúl Labrador[.]" *See* Dkt. 39 ("County Prosecutors' Opp.") at 2.

## I.    Plaintiffs Face a Substantial Threat of Future Enforcement.

Plaintiffs satisfy the three-prong pre-enforcement injury-in-fact test from *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014). Plaintiffs have (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest," (2) their intended future conduct is "arguably . . . proscribed by the statute," and (3) "the threat of future enforcement . . . is substantial." *Id.* at 159-64. Defendants have not contested that Plaintiffs satisfy the first two prongs.

On the third prong, contrary to Defendants' arguments, Plaintiffs face a substantial threat of enforcement. The Ninth Circuit has held that a party's showing for this prong "often rises or falls with the enforcing authority's willingness to disavow enforcement." *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 490 (9th Cir. 2024); *see also Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022) (relying on refusal to disavow enforcement), *abrogated on other grounds by Chiles v. Salazar,* 146 S. Ct. 1010 (2026); *California Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021) ("[R]efusal to disavow enforcement . . . is strong evidence that the state intends to enforce the law and that [Plaintiffs] face a credible threat"); *see also Matsumoto v. Labrador,* 122 F.4th 787, 797 (9th Cir. 2024) ("In challenging a new law whose history of

---

[1] The County Prosecutor Defendants are all county prosecutors named as Defendants in this case except Shondi Lott, Prosecuting Attorney of Elmore County. Lott has elected not to oppose Plaintiffs' Motion for Preliminary Injunction.

1

enforcement is negligible or nonexistent, either a "general warning of enforcement" or a "failure to disavow enforcement" is sufficient to establish a credible threat of prosecution in pre-enforcement challenges on First Amendment grounds" (*quoting Tingley*, 47 F.4th at 1068)); *Holder v. Humanitarian L. Project*, 561 U.S. 1, 16 (2010) ("The Government has not argued to this Court that plaintiffs will not be prosecuted if they do what they say they wish to do.").

County Prosecutor Defendants argue that the Ninth Circuit's rule on disavowal of enforcement in *Matsumoto* cannot overrule prior panel caselaw established in *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000). *See* County Prosecutors' Opp. at 4-5. But *Matsumoto* is not in conflict with *LSO*. *LSO* merely states (in dicta) that the court will not find standing "*whenever the Government refuses to rule out use of the challenged provision[.]*" *LSO*, 205 F.3d at 1155 (emphasis added). That a refusal to disavow will not *always be* sufficient does not mean that it will not be sufficient in some cases, as it is here. *Cf. Hart v. Massanari*, 266 F.3d 1155, 1170–71 (9th Cir. 2001) ("[W]hen crafting binding authority, the precise language employed is often crucial to the contours and scope of the rule announced."). Further, the *LSO* Court was evaluating a statute with a history of enforcement and did ultimately find standing. *LSO*, 205 F.3d at 1155-56. *Matsumoto*'s rule is in line with *LSO* and more applicable here, where there is no history of enforcement to inform the analysis. *See Matsumoto*, 122 F.4th at 797. The rule reiterated in *Peace Ranch* and *Matsumoto* remains—that finding a substantial threat of enforcement "often rises or falls with the enforcing authority's willingness to disavow enforcement." *Peace Ranch*, 93 F.4th at 490.

The State's decision to defend a challenged law in court, rather than disavow enforcement, informs the analysis of whether Plaintiffs face a threat of enforcement. *See Matsumoto*, 122 F.4th at 798 ("Idaho is vigorously defending the constitutionality of the statute

2

and its broad coverage."); *Idaho Org. of Res. Councils v. Labrador*, 780 F. Supp. 3d 1013, 1035 (D. Idaho 2025) ("Indeed, Defendants' briefing indicates they intend to enforce the law and would do so but for the Court's TRO.").

Here, far from disavowing enforcement, the 43 represented county prosecutors who hold primary responsibility for enforcing the criminal law in Idaho are opposing Plaintiffs' Motion for a Preliminary Injunction. *See* County Prosecutors' Opp. at 2 (opposing the motion "because, *in addition to the merits arguments* contained in the contemporaneously filed opposition of Attorney General Raúl Labrador, Plaintiffs do not have standing to sue the county prosecutors." (emphasis added)). Because the law is not yet in effect and there is thus no history of enforcement, the County Prosecutor Defendants' failure to disavow and decision to participate in the defense of this law are sufficient to establish a substantial threat of future enforcement.

Defendants also note that Plaintiffs have named the county prosecutors "[w]ithout any allegations of any action taken by any county prosecutor." County Prosecutors' Opp. at 4. However, the Ninth Circuit has "never held that a specific threat is necessary to demonstrate standing." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1015 n.5 (9th Cir. 2013) (*citing Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003)).

Defendants do not contest and the pleadings show that Plaintiffs have "an intention to engage in a course of conduct arguably affected with a constitutional interest," and that their intended future conduct is "arguably . . . proscribed by the statute[.]" *See Susan B. Anthony List*, 573 U.S. at 158-59. That the County Prosecutor Defendants now defend the statute as opposed to disavowing enforcement shows that the threat of future enforcement is substantial and thus Plaintiffs have standing to bring this challenge. The law does not and should not require that

3

Plaintiffs risk criminal prosecution to use the restroom; standing doctrine is not intended to be a shield to protect an unconstitutional law from challenge.

**II.      The Injuries of the Plaintiffs and the Putative Class are Traceable to the County Prosecutors and Redressable by an Injunction Against Them.**

The County Prosecutor Defendants' traceability and redressability arguments ignore the fact that Plaintiffs seek to represent a broad putative class spread across the state. No member of the class can effectively travel safely through a county where the county prosecutor is free to enforce H.B. 752. To support their point, Defendants cite *Seyb*; but that case is easily distinguishable because it involved a single physician acting only in Ada County. *Seyb v. Members of Idaho Bd of Med.*, No. 1:24-cv-244-BLW, 2025 WL 963957 (D. Idaho Mar. 31, 2025).

This case is much more analogous to *Idaho Org. of Res. Councils v. Labrador*, where, as here, "a Prosecuting Attorney Defendant in any county could conceivably prosecute any [] Plaintiff who might happen to be traveling in the county." No. 1:25-CV-00178-AKB, 2026 WL 184522, at *6 (D. Idaho Jan. 23, 2026). Here, Plaintiffs "may travel outside their county of residence[,] provid[ing] a causal link to the other counties in Idaho." *Id.* And Plaintiffs seek certification of "a statewide class." *See id.* These facts suffice to establish a causal link between Plaintiffs and putative class members and the County Prosecutor Defendants for this stage of litigation. *See id.*

As such, Plaintiffs have demonstrated standing to bring this challenge against the County Prosecutor Defendants.[2]

---

[2] The Idaho Attorney General has not contested Plaintiffs' standing to sue him.

DATED: May 29, 2026                    Respectfully Submitted


Emily Croston
Paul Southwick
ACLU OF IDAHO FOUNDATION              By:   /s/ J. Max Rosen
                                      _____

Barbara Schwabauer                    J. Max Rosen
Eleanor Matheson                      Katherine M. Forster
Chase Strangio                        Kyle A. Groves
AMERICAN CIVIL LIBERTIES UNION        Qian Zhe (Danny) Zhang
                                      Jannet Gomez
Peter C. Renn                         MUNGER TOLLES & OLSON LLP
Kell L. Olson
Tara L. Borelli                       Samuel L. Linnet
Pelecanos                             ALTURAS LAW GROUP, PLLC
A.D. Sean Lewis
Charlie Ferguson
LAMBDA LEGAL DEFENSE & EDUCATION FUND

5