RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMILIE JACKSON-EDNEY, *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al*., <br><br> *Defendants*. | Case No. 1:26-cv-00261 <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL** |

Defendants Raúl Labrador and the 44 County Prosecutors hereby move the Court to stay further proceedings in this Court pending the resolution of Defendants' respective forthcoming appeals from the preliminary injunction previously entered by this Court on June 16, 2026 (Dkt. 58), which will likely provide guidance on Plaintiffs' claims brought in this case.

**LEGAL STANDARD**

A district court has the discretion to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). As this Court recently held:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In reviewing a motion for a stay of proceedings, a court may consider the following factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

*Nw. Ass'n of Indep. Schs. v. Labrador*, No. 1:24-cv-00335-AKB, 2025 WL 1168268, at *1 (D. Idaho Apr. 22, 2025) (bracketed material in original).[1]

**ARGUMENT**

The requested stay is limited temporally and will not result in undue delay. The Ninth Circuit's decision will be important in shaping the remainder of this litigation, and so it is reasonable to stay proceedings—which have hardly begun—pending the outcome of the appeals. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (stay should only last a reasonable time) (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.1979)).

---

[1] The Court in *Nw. Ass'n* acknowledged "some disagreement amongst district courts within this circuit regarding whether the *Landis* test or '*Nken* test' applies to a party's request to stay proceedings pending appeal. As one district court explained, 'courts have reasoned that the *Nken* test "is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case," while *Landis* applies to the decision to stay proceedings, regardless [of] whether the stay is based on a direct appeal or an independent case.' *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) [applying the *Landis* test to a motion to stay proceedings pending appeal] (internal citations omitted)." *Nw. Ass'n*, 2025 WL 1168268, at *1 n.1. The Court in *Nw. Ass'n* applied the *Landis* factors. *Id.* at *2.

The *Landis* factors support a stay of proceedings in this Court pending appeal.

First, there is no damage that can result from granting a stay because the status quo being preserved is that Plaintiffs have obtained an injunction against enforcement of the provisions of H.B. 752 about which they were most concerned. There is therefore no need for more expeditious proceedings to determine whether Plaintiffs are entitled to permanent relief. Because the stay would cause no harm, the first *Landis* factor is satisfied.

Second, requiring the parties to continue forward may cause hardship to the parties. Absent a stay, the parties will litigate in this Court Plaintiffs' other arguments against the validity of the statute, involving extensive discovery and briefing without having the benefit of the Ninth Circuit's decision on the vagueness claim. Whether the Ninth Circuit agrees or disagrees with this Court's vagueness analysis, the risk is significant that trial court litigation work in this case will be rendered irrelevant by the Ninth Circuit's binding decision or that there will have to be a second phase of discovery and briefing after that decision. It would be better for the parties and the Court to have the Ninth Circuit's authoritative guidance before discovery and further motions practice. These reasons support finding the second *Landis* factor satisfied.

Third, a *Landis* stay would also help ensure a just, speedy, and inexpensive determination of this action by providing the Court and parties with a clearer statement of the applicable law and avoiding the potential need for additional briefing and additional Court consideration of the issues.

## CONCLUSION

The Court should exercise its discretion to stay proceedings, including any response to the Complaint, pending the Ninth Circuit's mandate in the appeals of the preliminary injunction. A stay is justified "based upon the limited possibility of harm in granting a stay; [movants'] equitable concerns should the case move forward pending appeal; and the Court's interests of judicial

economy and the 'orderly course of justice.'" *Nw. Ass'n*, 2025 WL 1168268, at *2 (quoting *Lockyer*, 398 F.3d at 1110).

In the alternative, should the Court decline to issue a stay of proceedings, Defendants request that their current deadline to respond to the Complaint (June 29, 2026) be reset to no earlier than 30 days from the Court's disposition of this motion.

Counsel for Plaintiffs were contacted for their position on a stay of proceedings and indicated that, while Plaintiffs **oppose** a blanket stay of proceedings in the District Court, they **do not oppose** an extension of the deadline to respond to the Complaint to no earlier than 30 days from the Court's disposition of this motion.

DATED: June 29, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/*David J. Myers*
DAVID J. MYERS
Deputy Attorney General

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on June 29, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| ACLU OF IDAHO FOUNDATION<br>P.O. Box 1897<br>Boise, ID 83701<br>(208) 344-9750<br><br>Emily Croston<br>ecroston@acluidaho.org<br><br>Paul Southwick<br>psouthwick@acluidaho.org<br><br>*Attorneys for Plaintiffs* | ALTURAS LAW GROUP, PLLC<br>111 N 1st Avenue, Suite 2I, PO Box 2975<br>Hailey, ID 83333<br>(208) 788-6688<br><br>Samuel L. Linnet<br>sam@alturaslawgroup.com<br><br>*Attorney for Plaintiffs* |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street N.W.<br>Washington, DC 20005<br><br>Barbara Schwabauer<br>bschwabauer@aclu.org<br><br>Eleanor Matheson<br>ematheson@aclu.org<br><br>*Attorneys for Plaintiffs* | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>800 South Figueroa St., Suite 1260<br>Los Angeles, CA 90017<br><br>Peter C. Renn<br>prenn@lambdalegal.org<br><br>Kell L. Olson<br>kolson@lambdalegal.org<br><br>Tara L. Borelli<br>tborelli@lambdalegal.org<br><br>Pelecanos<br>pelecanos@lambdalegal.org<br><br>A.D. Sean Lewis<br>alewis@lambdalegal.org<br><br>Charlie Ferguson<br>cferguson@lambdalegal.org<br><br>*Attorneys for Plaintiffs* |

<table>
<tr><td>

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Chase Strangio
cstrangio@aclu.org

*Attorney for Plaintiffs*

MUNGER TOLLES & OLSON LLP
350 South Grand Ave., 50th Fl.
Los Angeles, CA 90071-3426

Katherine M. Forster
katherine.forster@mto.com

Kyle A. Groves
kyle.groves@mto.com

Jannet Gomez
jannet.gomez@mto.com

*Attorneys for Plaintiffs*

</td><td>

MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105-2907

J. Max Rosen
max.rosen@mto.com

Qian Zhe (Danny) Zhang
danny.zhang@mto.com

*Attorneys for Plaintiffs*

</td></tr>
</table>

/s/David J. Myers
DAVID J. MYERS

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL—6