Emily Croston (ISB No. 12389)
ecroston@acluidaho.org
Paul Southwick (ISB No. 12439)
psouthwick@acluidaho.org
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
(208) 344-9750

Barbara Schwabauer*
bschwabauer@aclu.org
Eleanor Matheson*
ematheson@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street N.W.
Washington, DC 20005

Chase Strangio*
cstrangio@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Samuel L. Linnet (ISB No. 9788)
sam@alturaslawgroup.com
ALTURAS LAW GROUP, PLLC
111 N 1st Avenue, Suite 2I, PO Box 2975
Hailey, ID 83333
(208) 788-6688

Peter C. Renn*
prenn@lambdalegal.org
Kell L. Olson*†
kolson@lambdalegal.org
Tara L. Borelli*†
tborelli@lambdalegal.org
Pelecanos*†
pelecanos@lambdalegal.org
A.D. Sean Lewis*
alewis@lambdalegal.org
Charlie Ferguson*†
cferguson@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
†mailing address only
(213) 382-7600 (T) | (855) 535-2236 (F)

*Admitted pro hac vice
Attorneys for Plaintiffs (additional counsel identified on the following page)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| EMILIE JACKSON-EDNEY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al.*, <br><br> *Defendants*. | Case No. 1:26-cv-00261-AKB <br><br> **RESPONSE TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL [DKT. 59]** |

Katherine M. Forster*
katherine.forster@mto.com
Kyle A. Groves*
kyle.groves@mto.com
Jannet Gomez*
jannet.gomez@mto.com
MUNGER TOLLES & OLSON LLP
350 South Grand Ave., 50th Fl.
Los Angeles, CA 90071-3426
(213) 683-9100 (T) | (213) 687-3702 (F)

J. Max Rosen*
max.rosen@mto.com
Qian Zhe (Danny) Zhang*
danny.zhang@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105-2907
(415) 512-4000 (T) | (415) 512-4077 (F)

*Admitted *pro hac vice*
*Attorneys for Plaintiffs*

**INTRODUCTION**

Plaintiffs oppose Defendants' motion for a stay of all proceedings pending their interlocutory appeal from the Court's grant of preliminary relief in this matter. There is no right to stay trial court proceedings on the merits pending an appeal of a preliminary injunction order. In this case, Plaintiffs sought a narrow preliminary injunction that did not encompass the full scope of the relief pled in their Complaint, which sought to enjoin application of H.B. 752 in restrooms as to all transgender people in Idaho. The injunction order, in turn, narrowly and preliminarily reached one claim, concluding that H.B. 752 is unconstitutionally vague under the Due Process Clause. It left other important claims pled in the Complaint, including Plaintiffs' Equal Protection and privacy claims, for later discussion on the merits, with the benefit of further briefing, discovery, and/or trial. Given this posture, Plaintiffs and the class they represent have significant rights at stake in these proceedings, including requests for relief that are not currently covered by the preliminary injunction, as well as claims the Court has yet to address. Defendants have not established grounds to stay all proceedings, potentially for well over a year, pending the appeal of the preliminary injunction and the void-for-vagueness question it addressed.

As Defendants reflect in their accompanying memorandum, Plaintiffs have welcomed the opportunity to confer on particular deadlines and are receptive to reasonable requests for extensions as needed. *See* Dkt. 59-1 ("Stay Mot.") at 4. The parties have not yet met about discovery or other merits issues, where additional meeting and conferring will occur. But a blanket stay of all proceedings pending appeal is not merited and should be denied.

**PROCEDURAL HISTORY**

Earlier this year, the Idaho Legislature enacted H.B. 752, a sweeping law criminalizing the entry by transgender individuals into restrooms consistent with their gender identity in public accommodations across the state. (*See* Dkt. 3-1 ("PI Mot.") at 2-3.) On April 29, 2026, more

1

than two months before the law took effect, six transgender plaintiffs, on behalf of themselves and a class of transgender people who seek to use restrooms consistent with their gender identity in Idaho, filed a Complaint challenging H.B. 752.  (*See generally* Dkt. 1 ("Compl.").  That Complaint asserted three causes of action: that the law (1) is unconstitutionally vague (*see* Compl., ¶¶ 141-148); (2) violates Equal Protection (*Id.*, ¶¶ 149-157); and (3) violates Plaintiffs' right to informational privacy (*Id.*, ¶¶ 158-166).  The Complaint sought class-wide relief to permanently enjoin the law as applied to all covered restrooms—providing full relief to the putative class of transgender individuals.  (*Id.*, ¶¶ 167-173 (Prayer for Relief).)

Concurrent with the Complaint, Plaintiffs filed a motion for preliminary injunction to enjoin the law's application in two limited circumstances: (1) all single-user restrooms; and (2) multi-user restrooms wherever a single-restroom is not available.  (*See* PI Mot. at 2, 25.)  The preliminary relief Plaintiffs sought was narrower than the full scope of relief sought by their Complaint.  (PI Mot. at 1-2; Dkt. 46 ("Pls.' Reply to AG's Resp. to PI Mot.") at 7).

On June 16, 2026, this Court preliminarily enjoined some applications of H.B. 752.  (*See* Dkt. 58 ("PI Order").)  The Court held that Plaintiffs "are likely to succeed on the merits of their claim that the statute is unconstitutionally vague."  (PI Order at 15.)  Specifically, the Court held that H.B. 752's "reasonably available" and "dire need" exceptions "subject individuals to an unascertainable standard" and thus "invite[] arbitrary and discriminatory enforcement."  (*Id.* at 15.)  The Court did not reach Plaintiffs' other arguments, including whether the law's central prohibition containing the phrase "*designated* for use by the opposite biological sex" is also unconstitutionally vague and whether the law violates Plaintiffs' right to equal protection or informational privacy.  (*See* PI Order at 16-17 (emphasis in original).)

2

On June 29, 2026, on the day of Defendants' deadline to respond to the Complaint, Defendants moved for a stay of all proceedings pending resolution of their appeal of the Court's preliminary injunction order. (*See* Stay Mot.) When Defendants contacted Plaintiffs' counsel regarding their position on the motion to stay, Plaintiffs' counsel did not oppose a reasonable extension of Defendants' deadline to respond (*see* Stay Mot. at 4), but opposed a blanket stay because of the ongoing harm to the Plaintiff class from continued enforcement of the non-enjoined portions of the law and the significant delay to final resolution caused by a blanket stay. On July 16, 2026, Defendants filed a notice of interlocutory appeal of the Court's preliminary injunction order. (*See* Dkt. 62.)

## ARGUMENT

### I. LEGAL STANDARD

There is no right to a stay pending an interlocutory appeal of a preliminary injunction order. The Ninth Circuit has identified three non-exclusive factors a court must weigh when deciding whether to issue a docket management stay: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (internal quotations omitted). Concern for the last factor of judicial efficiency "standing alone is not necessarily a sufficient ground to stay proceedings." *Id.* Blanket stays of discovery are particularly disfavored. *Moreno v. Rivas*, No. 2:25-CV-02866-DC-SCR, 2026 WL 1030953, at *2 (E.D. Cal. Apr. 16, 2026). The Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018).

3

## II.    <u>DEFENDANTS ARE NOT ENTITLED TO A BLANKET STAY</u>

A stay is not justified here under the Ninth Circuit's three-factor analysis.

**Possible damage from a blanket stay.**  As to the first factor, the Ninth Circuit has emphasized that "if there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).  Where a party seeks injunctive relief, as opposed to only monetary damages, that fact weighs against a stay.  *Id.*

Here, that standard compels denial of Defendants' motion.  Plaintiffs and the class they represent face more than just a "fair possibility" of harm from any undue delay in proceeding toward final relief in this case.  Plaintiffs seek declaratory and permanent injunctive relief against ongoing and future harm from H.B. 752 beyond the scope of the preliminary injunction now in effect, including harm resulting from being forced to use separate restroom facilities where a single-user option is available.  (*See, e.g.*, Dkt. 3-2 (Decl. of Randi Ettner ISO Plaintiffs' Mot. for Prelim. Inj.), ¶¶ 49-58.)  Plaintiffs permissibly sought preliminary relief narrower than the full scope of relief in the Complaint, but are entitled to move expeditiously toward full relief.  A stay of indeterminate length would prevent Plaintiffs from fully vindicating their rights and from preventing the unconstitutional application of Idaho's law.

**The hardship or inequity a party may suffer in being required to go forward**.  Under the second factor, because Plaintiffs face more than a fair possibility of harm from delay in obtaining final and complete relief, Defendants "must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112.  Defendants have failed to do so.  Defendants assert, without detail, that this case will involve "extensive discovery and briefing" on the issues presented.  (Stay Mot. at 3.)  But every case requires discovery and briefing.  If the mere fact of

4

robust litigation were enough to demonstrate hardship, then, by definition, a stay would be granted as of right. Neither the law nor applicable facts confer such a right here. Defendants passed H.B. 752, and Plaintiffs appropriately challenged it as unconstitutional. Defendants cannot assert that they are burdened by defending their law through litigation.

The law is clear in this regard. As the Ninth Circuit has explained, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112; *see also Doe v. Wasden*, No. 1:20-CV-00452-BLW, 2022 WL 204365, at *1 (D. Idaho Jan. 24, 2022) ("The harm of engaging in routine discovery and defending a suit simply is not an irreparable injury."). Indeed, a preliminary injunction provides only *preliminary* relief. Its purpose "is merely to preserve the relative positions of the parties *until a trial on the merits can be held*" and "to balance the equities *as the litigation moves forward*." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (emphasis added). Its "transient nature" contemplates further proceedings, including discovery, briefing, dispositive motions, and trial. *Id.* at 201. If Defendants wish to enforce their law, they have an obligation to defend it. And they cannot use the interlocutory appeals process as the basis to relieve themselves of that obligation.

**Orderly course of justice.** As to the last factor, Defendants have failed to establish that a stay of all proceedings would serve "the orderly course of justice" here; indeed, a stay would undermine those interests. *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1085. Because the preliminary injunction reached only Plaintiffs' vagueness claim, this Court has not yet provided its analysis and conclusion as to the equal protection and informational privacy claims. (PI Order at 16-17.) Nor has the Court reached the full scope of Plaintiffs' vagueness challenge. A stay would deny Plaintiffs the opportunity to fully develop these claims, to move forward with

discovery and briefing, and to seek final determination on the merits of these claims from this Court.  By contrast, Defendants have not explained why "a clearer statement" of the law regarding Plaintiffs' vagueness claim is needed before the rest of the litigation can proceed, or how "trial court litigation work in this case will be rendered irrelevant by the Ninth Circuit's" ruling.  (Stay Mot. at 3.)  The parties and this Court can respond in due course to any interlocutory decision from the Ninth Circuit on the one issue presented on appeal.  But the Ninth Circuit has stated that its "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *California v. Azar*, 911 F.3d at 584.  And in general, the Ninth Circuit has repeatedly declined to reach issues that "ha[ve] never been addressed by the district court." *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010); *see also Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1239 (9th Cir. 2017) (declining a party's invitation to affirm the order below on alternative grounds because they "are matters on which the district court did not rule").  And finally, the potential for an appeal—whether an interlocutory appeal in one case, or a merits appeal in another—to reshape the law or issues in a case is ever-present.  That does not always justify delaying litigation in the interim. That is particularly true in the context of an appeal of a preliminary injunction that did not reach the majority of the claims pled in the Complaint.

In any event, even if this last factor weighed in favor of Defendants, the Court should still deny the stay because Plaintiffs "have a substantial interest in obtaining a prompt adjudication of their claims." *United Farm Workers v. Noem*, 823 F. Supp. 3d 1112, 1136 (E.D. Cal. 2026) (denying stay even though the Court found that judicial economy weighed in favor of stay).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny Defendants' Motion for Stay of Proceedings Pending Appeal.

6

DATED: July 17, 2026                    Respectfully Submitted


Emily Croston
Paul Southwick
ACLU OF IDAHO FOUNDATION              By:   */s/ J. Max Rosen*
                                        _____

Barbara Schwabauer                      J. Max Rosen
Eleanor Matheson                        Katherine M. Forster
Chase Strangio                          Kyle A. Groves
AMERICAN CIVIL LIBERTIES UNION          Qian Zhe (Danny) Zhang
FOUNDATION                              Jannet Gomez
                                        MUNGER TOLLES & OLSON LLP

Peter C. Renn
Kell L. Olson                           Samuel L. Linnet
Tara L. Borelli                         ALTURAS LAW GROUP, PLLC
Pelecanos
A.D. Sean Lewis
Charlie Ferguson
LAMBDA LEGAL DEFENSE & EDUCATION FUND

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of July, 2026, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Counsel for Defendants*
James Craig
james.craig@ag.idaho.gov

David Myers
david.myers@ag.idaho.gov

Michael Zarian
michael.zarian@ag.idaho.gov

/s/ J. Max Rosen
J. Max Rosen
max.rosen@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105-2907
(415) 512-4000 (T) | (415) 512-4077 (F)